ELECTRONIC ORDER ON DEFENDANT KELLY SERVICES, INC.'S MOTION FOR ORDER COMPELLING EXECUTED AUTHORIZATIONS, filed 5/3/17 (Dkt. #40) IN JIMINEZ V. CHUBB & SON ET AL., 16 CV 1377 (WWE)

6/29/17 – On August 12, 2016, plaintiff Jessica Jiminez filed this lawsuit against defendant Chubb & Son and defendant Kelly Services, Inc. ["defendant Kelly"], alleging pregnancy discrimination under Title VII and Connecticut law, retaliation under Connecticut law, and FMLA discrimination and retaliation, in connection with her termination from employment, which occurred on September 10, 2015. (Dkt. #1; see also Dkts. ##17 & 24). Under the present scheduling order (Dkts. ##43-44), all discovery is to be completed by October 30, 2017 and all dispositive motions are to be filed by December 14, 2017.

On May 3, 2017, defendant Kelly filed the pending Motion for Order Compelling Executed Authorizations, with brief, affidavit, and exhibits in support (Dkt. #40),[1] as to which plaintiff filed her brief in opposition three weeks later. (Dkt. #41). Defendant Kelly filed its reply brief on June 7, 2017. (Dkt. #42). This motion was referred to this Magistrate Judge on June 26, 2017. (Dkt. #45).

At issue are Requests for Production No. 18 (requesting an executed authorization providing for the release of all records from the Social Security Administration) and No. 20 (requesting an executed authorization providing for the release of all records from plaintiff's treating physicians). (Dkt. #40, Brief at 1-2, 3-4 & Exh. A; see also Dkt. #42).

In her responses to defendant Kelly's interrogatories, plaintiff has sworn that she has had no other employment since September 21, 2015 and has received no funds since then, other than unemployment compensation. (Dkt. #40, Exh. B, Interrogatories Nos. 9-10). She objects to Request for Production No. 18 as being irrelevant and an invasion of her privacy. (Id., Exh. B, Request for Production No. 18; see also Dkt. #41). Plaintiff is correct to the extent that defendant Kelly is seeking all of plaintiff's records from the Social Security Administration. Defendant Kelly is only entitled to any and all records after September 1, 2015, in order to test the accuracy of plaintiff's interrogatory responses.

In her responses to defendant Kelly's interrogatories, plaintiff has sworn that she had "pregnancy-related complications" in May and June 2015; she "specifically recall[ed] taking time off on" June 8, 12, 13, 14, 16, and 24, 2015; her "intermittent leave" was approved for June 15-25, 2015; and her "continuous leave" was approved to commence on June 25, 2015. (Dkt. #40, Exh. B, Interrogatories Nos. 2-3). She objects to Request for Production No. 20 as being irrelevant, overly broad, and protected by the physician-patient privilege. (Id., Exh. B, Request for Production No. 18; see also Dkt. #41). Plaintiff similarly is correct to the extent that defendant Kelly is seeking all of plaintiff's medical records since 2006. At most, defendant Kelly is entitled to review plaintiff's OB-GYN medical records only for the month of June 2015, and given the highly personal nature of medical records, the Magistrate Judge will conduct an in camera review of plaintiff's

---

[1]The following three exhibits were attached: copy of Defendant Kelly's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, dated October 14, 2016 (Exh. A); copy of plaintiff's responses to Defendant Kelly's First Set of Interrogatories and Requests for Production of Documents to Plaintiff, dated March 3, 2017 (Exh. B); and copies of emails between counsel, dated March 1 and 31, 2017, with attachments (Exh. C).

records from her OB-GYN for the month of June 2015, to ensure that they support her interrogatory responses. If these medical records are consistent with plaintiff's interrogatory responses, then there is no need for defendant Kelly to review them; production thereof will only be ordered to the extent that these medical records are at variance with plaintiff's interrogatory responses.

Accordingly, defendant Kelly's Motion for Order Compelling Executed Authorizations (Dkt. #40) is <u>granted in part to the extent set forth above</u>, and defendant Kelly shall provide revised authorizations consistent with this Ruling to plaintiff's counsel, for plaintiff's signature.[2]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Impala v. United States Dept. of Justice</u>, 670 F. App'x 32 (2d Cir. 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); <u>cf. Small v. Sec'y, H&HS</u>, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

---

[2]If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she should contact Chambers accordingly.